UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NBIS CONSTRUCTION &
TRANSPORT INSURANCE
SERVICES, INC., a/s/o Sims Crane
& Equipment Company,

    Plaintiff,                                  Case No. 8:19-cv-2777-AAS

v.

LIEBHERR-AMERICA, INC., d/b/a
LIEBHERR USA, CO., f/k/a
LIEBHERR CRANES, INC.,

    Defendant.
_____/

## ORDER

Plaintiff NBIS Construction & Transport Insurance Services, Inc. (NBIS) a/s/o Sims Crane & Equipment Company (Sims) (collectively, the plaintiff) moves for entry of an order substituting International Insurance Company of Hanover SE (International), in place of NBIS as party plaintiff. (Doc. 80). Defendant Liebherr-America, Inc. d/b/a Liebherr USA, Co. f/k/a Liebherr Cranes, Inc. (Liebherr) opposes the motion. (Doc. 86). The plaintiff replied to Liebherr's response in opposition to the motion to substitute party plaintiff. (Doc. 89).

1

## I. BACKGROUND

The plaintiff brought this subrogation action against Liebherr. The underlying incident occurred on February 19, 2018, when a boom collapsed on a 2012 Liebherr LTM 1500-8.1 600-ton crane, damaging the crane (the accident). The plaintiff requests an award of the monetary damages incurred to the repair the crane. (Doc. 24, p. 8)

On January 26, 2021, NBIS's Vice-President of Claims, Arthur Kirkner, testified that International insured Sims for the crane damage that resulted from the accident. (Doc. 86, Ex. A). Specifically, Mr. Kirkner testified that NBIS is not an insurance company – it is a managing general underwriting agency that provides claims handling and other services to International. (*Id.* at pp. 10-11, ln. 21-25, 1-15). On March 18, 2021, Liebherr's counsel presented the plaintiff's counsel with an *ore tenus* objection stating that International is the real party in interest because International insured Sims for the loss and paid the damages, not NBIS. (See Doc. 80, ¶ 3).

The plaintiff now moves to substitute "International Insurance Company of Hanover SE a/s/o Sims Crane & Equipment Company" in place of "NBIS Construction & Transport Insurance Services, Inc. a/s/o Sims Crane & Equipment Company" as party plaintiff. (Doc. 80). Liebherr opposes the motion

on grounds of undue delay and prejudice and raises issues of NBIS's standing to pursue this action. (Doc. 86). With leave of the court, the plaintiff replied in opposition to Liebherr's response. (Docs. 87, 88, 89).

## II. ANALYSIS

Liebherr argues NBIS lacks standing to pursue this action because NBIS did not suffer an injury in fact to establish Article III standing and the plaintiff did not attach the operative contract to the complaint to establish NBIS is the real party in interest. (Doc. 86, pp. 6-10). Liebherr also argues the plaintiff's motion fails to meet the requirements to amend the complaint under Fed. R. Civ. P. 15 or to substitute party plaintiff under Fed. R. Civ. P. 17. (*Id.* at pp. 10-17).

### A. Standing

"Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.' That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)). A plaintiff has constitutional standing under Article III if the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Only injury in fact is at issue here. (*See* Doc. 86).

Liebherr argues NBIS lacks Article III standing because NBIS did not suffer an injury in fact because NBIS is not the insurer of Sims and did not pay the loss. (Doc. 86, pp. 6-10). In response, the plaintiff argues that NBIS suffered an injury in fact and has Article III standing to pursue this action because NBIS is an agent to International, the insurer.[1] (Doc. 89, pp. 3-4).

The Eleventh Circuit recognized that "[a]n agent 'who acted as an agent during the course of [a] transaction involved in the litigation, may sue for damages suffered by the principal." *Global Aerospace, Inc. v. Platinum Jet Management, LLC*, 488 F. App'x 338, 340 (11th Cir. 2012). In *Global*, the court held the plaintiff, "an agent and manager" for various insurers, had "representational standing" to sue on behalf of these insurers where the insurers sustained damages. *Id.* In concluding the agent had standing to sue on behalf of the principal or insurer, the court considered that the agent was authorized to issue contracts, sign documents, handle claims, receive funds,

---

[1] Mr. Kirkner, as representative of NBIS, and Paul Steer, as representative of International, both aver that NBIS is an agent of International. *See* (Doc. 89, Exs. 1, 2).

4

and litigate claims. *Id.* Thus, the Eleventh Circuit held that the agent had standing to sue on behalf of the insurer. *Id.* at 340-41.

Like the plaintiff in *Global*, NBIS is an agent of the principal and insurer International. The "Affidavit[s] of Ratification" submitted on behalf of NBIS and Sims verify that:

> NBIS Construction & Transport Insurance Services, Inc. ("NBIS"), which is a Managing General Agent and Third Party Administrator for International Insurance Company of Hanover SE ("Insurer"), the Insurer of Sims Crane and Equipment Company ("Sims"), for damages that resulted on or about February 19, 2018, from a boom collapse of a Liebherr LTM 1500 ("Claim"). NBIS has an agreement with the Insurer that provides NBIS the authority to adjust claims concerning the insurance policy involved in this Claim that covers Sims. Sims, NBIS, and the Insurer are parties with whom, or in whose name, a contract involving the Claim has been made for the benefit of the other, and who may sue in that person's own name without joining the other party for whose benefit the civil action is brought. . . .

(Doc. 80, Ex. A). Thus, NBIS has "representational standing" to sue on behalf of International for its damages.[2] *See Global Aerospace, Inc.*, 488 F. App'x at 340.

---

[2] Liebherr relies on *Live Ent. Inc. v. Digex, Inc.* to support its argument that NBIS has not suffered an injury in fact and therefore has no standing to sue. In *Live Ent. Inc.*, the court determined the plaintiff did not have standing where the plaintiff "expressly concede[d]" that it lacked standing. 300 F. Supp. 2d 1273, 1275, 1278 (S.D. Fla. 2003). NBIS does not concede it lacks standing. (*See* Doc. 80, ¶ 4, Doc. 89, p. 4).

Liebherr also argues NBIS does not have a contractual right to pursue subrogation damages on behalf of International because NBIS did not attach its contract with International to the complaint. (Doc. 86, pp. 3-5).

The Federal Rules of Civil Procedure do not require a party to attach a contract to the complaint. "Nothing in the Federal Rules of Civil Procedure requires a Plaintiff to attach any document to the complaint." *U.S. ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) (quotation omitted). Neither Fed. R. Civ. P 8(a), which states the general pleading requirements for a complaint, nor Fed. R. Civ. P. 9, which sets forth more specific requirements for pleading special matters, mandates that a complaint based on a policy of insurance must attach the insurance policy. *See Traffic Jam Events, LLC v. Cortes*, No. 6:09-cv-146-Orl-19GJK, 2009 WL 1043977 (M.D. Fla. April 17, 2009) (noting there is no requirement to attach certain documents to the complaint or to plead the details of an agreement).

The complaint names Sims as the insured and identifies the insurance policy at issue—No. NBIS-33619-02. (*See* Doc. 24, ¶ 2). Notably, the plaintiff produced the insurance policy between International and Sims to Liebherr before the start of discovery. (Doc. 86, pp. 11-12). The insurance policy references International and Policy No. NBIS-33619-02 throughout. (*Id.* at p.

6

12).

Thus, NBIS has standing to pursue this action despite not attaching its contract with International to the complaint. In addition, NBIS may proceed in this action as an agent for International.

B.     **Federal Rule of Civil Procedure 15**[3]

Generally, Federal Rule of Civil Procedure 15 governs amendments to pleadings. Besides initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "A district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Only undue delay and prejudice are at issue here. (*See* Doc. 86).

---

[3] Although the plaintiff does not bring its motion as a motion to amend under Fed. R. Civ. P. 15, the court will consider whether the plaintiff meets the requirements to amend the complaint.

7

1. **Undue Delay**

"[A] district court has discretion to deny leave to amend when the moving party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation for a lengthy delay." *In re Engle Cases*, 767 F.3d at 1119; *see Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004) (affirming the denial of leave to amend where the moving party did not explain why she could not have included the proposed amended pleadings in her original complaint or her first amended complaint); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial where "[t]he facts upon which the claims ... were based were available at the time the complaints were filed"); *Streaminn Hub Inc. v. Gayle*, No. 18-24684-CIV, 2020 WL 4501801, at *1 (S.D. Fla. May 11, 2020).

"Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial." *Pines Props., Inc. v. Am. Marine Bank*, 156 F. App'x 237, 240 (11th Cir. 2005) (citing *Hester v. Int'l Union of Operating Eng'rs, AFL-CIO*, 941 F.2d 1574, 1578-79 (11th Cir. 1991)). Further, whether a party's delay is undue depends on: "(1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount of time movant delayed in

8

seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings." *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020) (citing *Lesman v. Specialized Loan Servicing, LLC*, No. 1:14-cv-02007-ELR-AJB, 2015 WL 13773978, at *4 (N.D. Ga. Jan. 16, 2015).

The deadline to add parties and amend pleadings was January 20, 2020. (*See* Doc. 15). The plaintiff amended its complaint on January 15, 2020 but did not substitute International in place of NBIS as the party plaintiff. (Doc. 24). On March 18, 2021, Liebherr's counsel presented the plaintiff's counsel with an *ore tenus* objection stating that International is the real party in interest because International insured Sims for the crane loss and paid the damages sustained. (*See* Doc. 80, ¶ 3). On April 26, 2021, the plaintiff moved to substitute party plaintiffs from NBIS to International. (Doc. 80).

As justification for the delay, the plaintiff alleges that it submitted its motion to substitute party plaintiff "as a good faith effort to resolve Defendant's *ore tenus* objection to Plaintiff being the party plaintiff." (Doc. 89, p. 4). The plaintiff failed to offer sufficient justification for why it could not have named International as the party plaintiff until over fifteen months after filing this action and well beyond case management deadlines. *See In re Engle Cases*, 767

9

F.3d at 1119 ("Accordingly, a district court has discretion to deny leave to amend ... when the moving party offers no adequate explanation for a lengthy delay.").

### 2. Prejudice

Liebherr would certainly be prejudiced if the court allowed the plaintiff to substitute International in place of NBIS this late in the litigation. Because International was not a party throughout the entirety of this action, Liebherr could not utilize discovery methods that are available for party discovery. Liebherr also conducted discovery assuming that NBIS was the party plaintiff, not International. Allowing the plaintiff to substitute International in place of NBIS at this time would severely prejudice Liebherr's ability to defend this action.

Because the plaintiff's request to substitute International in place of NBIS as party plaintiff is untimely and would result in prejudice to Liebherr, the plaintiff failed to meet the requirements to amend the complaint and case caption under Fed. R. Civ. P. 15.

### B. Federal Rule of Civil Procedure 17

The plaintiff moves to substitute International in place of NBIS as party plaintiff under Federal Rule of Civil Procedure 17. Under Fed. R. Civ. P.

17(a)(3), party substitution is permissible:

> (1) when an understandable mistake has been made in the determination of the proper party or where the determination is difficult; (2) where the change is merely formal and does not materially alter the known facts or issues; and (3) where the original plaintiff was not a fictitious entity; (4) if done timely.

*In re Engle Cases*, 767 F.3d 1082, 1109 n. 31 (11th Cir. 2014) (quoting *Delta Coal Program v. Libman*, 554 F. Supp. 684, 690 (N.D. Ga. 1982), *aff'd*, 743 F.2d 852 (11th Cir. 1984)).

The plaintiff does not allege it made a mistake by naming NBIS as party plaintiff. To the contrary, the plaintiff alleges "[International], NBIS, and Sims are parties with whom or in whose name contract have been made for the other's benefit, and they all could be considered real parties in interest." (Doc. 80, ¶ 4). The plaintiff states that the purpose of its motion to substitute party plaintiff was merely "a good faith effort to resolve Defendant's *ore tenus* objection to Plaintiff being the party plaintiff." (Doc. 89, p. 4). This rational does meet the requirement that an "understandable mistake has been made in the determination of the proper party." In addition, as stated above under Fed. R. Civ. P. 15, the plaintiff's motion is untimely.

Because the plaintiff's motion to substitute party plaintiff was not the result of an understandable mistake and is untimely, the plaintiff fails to meet

11

the requirements for party substitution under Fed. R. Civ. P. 17.

## III. CONCLUSION

The plaintiff fails to meet the requirements to amend its complaint under Fed. R. Civ. P. 15 or to substitute International in place of NBIS as party plaintiff under Fed. R. Civ. P. 17. Thus, the plaintiff's motion to substitute party plaintiff (Doc. 80) is **DENIED**. That said, the court will not dismiss this action *sua sponte* because NBIS has standing to proceed.

**ORDERED** in Tampa, Florida on June 22, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge