UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

NBIS CONSTRUCTION & TRANSPORT
INSURANCE SERVICES, INC., a/s/o
Sims Crane & Equipment Company,

                Plaintiff,

CASE NO.: 8:19-cv-02777-VMC-AAS

Vs.

LIEBHERR-AMERICA, INC., d/b/a
LIEBHERR USA, CO., and
LIEBHERR CRANES, INC.

                Defendants.

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant LIEBHERR-AMERICA, INC., d/b/a LIEBHERR USA, CO., and formerly known as LIEBHERR CRANES, INC. ("LIEBHERR USA"), by and through its counsel, Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, hereby provides the following answers to the Interrogatories propounded by Plaintiff, NBIS CONSTRUCTION & TRANSPORT INSURANCE SERVICES, INC., a/s/o SIMS CRANE & EQUIPMENT COMPANY:

1. Describe in detail the events leading to the creation of the Product Safety Bulletin, including but not limited to, notice of accident/injuries, tests, analysis, studies, reports, assessments, evaluations, failures, and/or concerns.

**ANSWER: Objection. As phrased this interrogatory is overly broad, vague or ambiguous, and without temporal limitation, and calls for information that is inadmissible and not relevant to the issues in this case. Further, LIEBHERR USA objects to the extent the interrogatory seeks information subject to attorney-client privilege or work-product**

privilege. Subject to and without waiving said objections, LIEBHERR USA has no knowledge of the events leading up to the creation of the Product Safety Bulletin.

2.      Identify by name of claimant, name of court (if in suit), name of case number (if in suit), loss location, and date of each claim which has been levied against You within the past ten (10) years in which a person, entity, or party's allegations related to or referenced in Liebherr LTM 1500-8.1 mobile crane.

**ANSWER: Objection.  As phrased this interrogatory is overly broad, vague or ambiguous, and without temporal limitation and calls for information that is inadmissible and not relevant to the issues in this case.  Further, LIEBHERR USA objects to the extent the interrogatory seeks information subject to attorney-client privilege or work-product privilege.  Subject to and without waiving said objections, LIEBHERR USA has no knowledge of any similar incidents/accidents in the last ten (10) years related to or referencing a Liebherr LTM 1500-8.1 mobile crane.**

3.      Describe what documents and communications You provided the Insured concerning the Subject Crane's potential for an incident described in the Product Safety Bulletin and the Complaint including identifying the manner that such warnings were provided and the date(s) they were conveyed to the Insured.

**ANSWER: Objection.  This interrogatory assumes that the incident described in the Complaint is the same as the potential for incident described in the Product Safety Bulletin. Further, this interrogatory seeks inadmissible post-occurrence measures undertaken by the LIEBHERR USA.  Subject to and without waiving said objections, LIEBHERR USA sent Sims Crane the Product Safety Bulletin on February 21, 2018, via UPS delivery.  On February 26, 2018, Sims Crane received the Product Safety Bulletin.**

4.      Describe any accidents/incidents that occurred with any Liebherr LTM1500-8.1 mobile crane before February 19, 2018, including the date of the accident/incident, a summary of the facts of the accident/incident, a summary of the failure mode that cause the accident/incident, and when You received notice of the accident/incident.

**ANSWER: Objection.  As phrased this interrogatory is overly broad, vague or ambiguous, and without temporal limitation, and calls for information that is inadmissible and not relevant to the issues in this case.  Further, LIEBHERR USA objects to the extent the interrogatory seeks information subject to attorney-client privilege or work-product privilege.   Subject to and without waiving said objections, LIEBHERR USA has no knowledge of any similar incidents/accidents related to or referencing a Liebherr LTM 1500-8.1 mobile crane before February 19, 2018.**

5. Describe in detail Your opinion of the cause of the Incident, including: identifying by name, company, address, phone number, and email address, all individuals who caused or contributed to the Incident, and all documents You rely upon in support of this opinion.

**ANSWER: Objection.  As phrased this interrogatory is overly broad, vague or ambiguous, and without temporal limitation, and calls for information that is inadmissible and not relevant to the issues in this case.  Further, this interrogatory seeks premature disclosure of expert discovery.  Subject to and without waiving said objections, LIEBHERR USA, currently, has no opinion as to the cause of the Incident.   Investigation is ongoing.**

6. Identify each and every person who acted on Your behalf in answering or in assisting in the preparation of Your answers to these interrogatories.

**ANSWER:** **Dr. Torben Reher, Managing Director**
**Liebherr USA, Co.**

               LIEBHERR-AMERICA, INC., a Virginia
               corporation d/b/a LIEBHERR USA CO., and
               formerly known as LIEBHERR CRANES, INC.,
               Defendants

               By:____/s/Thomas R. Pender_____
                  One Of Its Attorneys

Thomas R. Pender

3

William J. Cremer
CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC
One North Franklin Street - 10th Floor
Chicago, Illinois 60606
(312) 726-3800
(312) 726-3818 (Fax)


Doc #390956

## CERTIFICATE OF SERVICE

THOMAS R. PENDER, ESQUIRE, Attorney for Defendants in the within action, hereby states that a true and correct copy of the foregoing Answers and Objections to Plaintiff's First Interrogatories, was served upon the attorneys of record for the Plaintiff, via U.S. Mail, postage prepaid, on the date indicated, at the address set forth below:

*Attorney for Plaintiff*
Joshua R. Goodman, Esq.
Matthew N. Horowitz, Esq.
Cozen O'Connor
200 South Biscayne Blvd, Suite 3000
Miami, FL 33131
Tel: (305) 704-5940
Fax: (305) 704-5955
jgoodman@cozen.com
mhorowitz@cozen.com

*Co-Counsel for Liebherr-America, Inc.*
Michael L. Forte
RUMBERGER, KIRK & CALDWELL
100 North Tampa Street, Suite 2000
Tampa, FL 33602-5853
Tel: (813) 472-7521
Fax: (813) 221-4852
mforte@rumberger.com

4

<sup>Case 8:19-cv-02777-AAS Document 165-12 Filed 04/19/22 Page 5 of 5 PageID 12000</sup>

Dr. Torben Reher, Managing Director of LIEBHERR USA, CO., hereby attests that he has read the foregoing Answers and Objections to Plaintiff's First Interrogatories, and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel upon whose advice he has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that he consequently reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein the said answers are true and correct to the best of his knowledge, information and belief.

*[signature]*

Dr. Torben Reher, Managing Director
LIEBHERR USA, CO.

Doc #390956

2