UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:19-cv-02777-VMC-AAS

NBIS CONSTRUCTION &
TRANSPORT INSURANCE SERVICES,
INC., a/s/o
SIMS CRANE & EQUIPMENT COMPANY,

    Plaintiff,

v.

LIEBHERR-AMERICA, INC., d/b/a
LIEBHERR USA, CO.,
and LIEBHERR CRANES,
INC.

    Defendants.

**DEFENDANT'S ANSWERS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Defendant LIEBHERR-AMERICA, INC., d/b/a LIEBHERR USA, CO., and formerly known as LIEBHERR CRANES, INC. ("LIEBHERR USA"), by and through its counsel, Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, hereby provides its answers to the Third Set of Interrogatories propounded by Plaintiff, NBIS CONSTRUCTION & TRANSPORT INSURANCE SERVICES, INC., a/s/o SIMS CRANE & EQUIPMENT COMPANY.

**OBJECTIONS TO DEFINITIONS**

**1.     LIEBHERR USA objects to Definition No. 3 regarding "Liebherr", "You", and "Yours". The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of the interrogatory to information, and documents, in the possession, custody, or control of individuals, agencies, or entities other than LIEBHERR USA and its present employees, officers, directors, agents, and representatives with knowledge of the matters in this case. Further, the Definition is burdensome because the burden in obtaining**

discoverable information from the interrogatories outweighs the benefits under the current scope of the Definition.

## INTERROGATORIES

10. Please provide the dates when: (a) the Product Safety Bulletin; and (b) the cover plate and warning stickers were: (i) mailed by Liebherr to each of the entities identified in "Exhibit A"; and (ii) received by each entity identified in "Exhibit A."

**ANSWER**: Objection. As phrased the interrogatory is unduly burdensome as the burden in obtaining the information from each entity identified in "Exhibit A" greatly outweighs the benefit of the information obtained, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, LIEBHERR USA incorporates its objection to Definition No. 3. Subject to and without waiving said objections, LIEBHERR USA mailed the Product Safety Bulletin to the entities identified in "Exhibit A" approximately between November 14, 2017 and November 17, 2017. LIEBHERR USA mailed the cover plate and warning stickers to the entities identified in "Exhibit A", which are not identified below, approximately between December 1, 2017 and December 20, 2017. LIEBHERR USA has no knowledge of when the entities identified in "Exhibit A", which are not identified below, received the Product Safety Bulletin and the cover plate and warning stickers.

Further, LIEBHERR USA identifies the documents produced in response to Plaintiff's Requests for Production as LAI 3128-3144. The cover plate and warning stickers were mailed to, and received by, the following entities on the dates provided below:

J. Supor & Son Trucking & Rigging
Shipping date: January 30, 2018
Delivery date: February 2, 2018

Cranes INC.
Shipping date: January 30, 2018

**Delivery date: February 2, 2018**

**U.S. Crane & Rigging**
**Shipping date: January 30, 2018**
**Delivery date: February 2, 2018**

**Cranes Express**
**Shipping date: January 10, 2018**
**Delivery date: January 15, 2018**

**B & G Crane Service, LLC**
**Shipping date: January 10, 2018**
**Delivery date: January 11, 2018**

**Barnhart Crane & Rigging Co.**
**Shipping date: February 2, 2018**
**Delivery date: February 6, 2018**

**JMS Crane & Rigging**
**Shipping date: February 2, 2018**
**Delivery date: February 7, 2018**

**Davis Motor Crane Service, Inc.**
**Shipping date: January 10, 2018**
**Delivery date: January 11, 2018**

**Central Rental Crane**
**Shipping date: February 2, 2018**
**Delivery date: February 6, 2018**

**Ness & Campbell Crane, Inc.**
**Shipping date: February 23, 2018**
**Delivery date: February 24, 2018**

**Stevenson Crane Service, Inc.**
**Shipping date: January 31, 2018**
**Delivery date: February 2, 2018**

**All erection – Jeffers Crane**
**Shipping date: January 31, 2018**
**Delivery date: February 5, 2018**

**TTC Leasing, LLC**
**Shipping date: January 31, 2018**
**Delivery date: February 2, 2018**

**Sims Crane & Equipment Company**
**Shipping date of Product Safety Bulletin, cover plate, and warning stickers: February 21, 2018**
**Delivery date of Product Safety Bulletin, cover plate, and warning stickers: February 28, 2018**

11.  Please provide: (a) the name(s) of the Liebherr employee(s) and/or agent(s) who communicated to Schuch Heavylift Corp. and/or Sims that upon sale or purchase of the Crane it should notify Liebherr of the current owner of the Crane; and (b) the (i) name(s) of the individual(s) who the Liebherr employee(s) and or agent(s) communicated with at Schuch Heavylift Corp. and/or Sims, (ii) the date of the communication, and (iii) the method of transmittal of the communication (phone, in-person, fax, email, etc.)

**ANSWER**: **Objection.  The interrogatory seeks inadmissible post-occurrence measures undertaken by LIEBHERR USA.  Further, LIEBHERR USA incorporates its objection to Definition No. 3.  Subject to and without waiving said objection, LIEBHERR USA has no knowledge of a communication to Schuch Heavylift Corp. and/or Sims.**

12.  Please provide: (a) the name(s) of the Liebherr employee(s) and/or agent(s) who communicated to Schuch Heavylift Corp and/or Sims that should the operator of the Crane have any issue with operation, the operator should contact Liebherr.; and (b) the (i) name(s) of the individual(s) who the Liebherr employee(s) and or agent(s) communicated with at Schuch Heavylift Corp. and/or Sims, (ii) the date of the communication, and (iii) the method of transmittal of the communication (phone, in-person, fax, email, etc.).

**ANSWER**: **Objection.  As phrased this interrogatory is overly broad, vague or ambiguous, and calls for information that is inadmissible and not relevant to the issue in this case.  Further, LIEBHERR USA incorporates its objection to Definition No. 3.  Subject to and without waiving said objections, LIEBHERR USA identifies section 7.01 Maintenance and Service –**

**General, subsection 1 – Liebherr Service of the Subject Crane Operating Instructions previously produced as NBIS 2766. On, or about, October 5, 2016, LIEBHERR USA employee Bret Jacobson provided Steve Hoffmann of Schuch Heavylift Corp with the Subject Crane Operating Instructions.**

**On October 24, 2016, Bobbi Revels of Sims confirmed receipt of the Subject Crane Operating Instructions in an email to Wally Jones of Atlantic Coast Cranes & Machinery, Inc. LIEBHERR USA identifies the document previously produced as NBIS 1038. Further, LIEBHERR USA identifies Steve Stodghill's deposition testimony on pages 91 and 92 confirming Sims possession of the Subject Crane Operating Instructions on October 24, 2016.**

13. Please provide: (a) the name(s) of the Liebherr employee(s) and/or agent(s) who communicated to Schuch Heavylift Corp. and/or Sims that the operator of the Crane should not operate the Crane in manual mode; and (b) the (i) name(s) of the individual(s) who the Liebherr employee(s) and or agent(s) communicated with at Schuch Heavylift Corp. and/or Sims, (ii) the date of the communication, and (iii) the method of transmittal of the communication (phone, in-person, fax, email, etc.)

**ANSWER**: **Objection. As phrased this interrogatory is overly broad, vague or ambiguous, and without temporal limitation, and calls for information that is inadmissible and not relevant to the issues in this case. Further, LIEBHERR USA incorporates its objection to Definition No. 3. Subject to and without waiving said objections, LIEBHERR USA identifies section 2.04 – General Safety Technical Guidelines, subsection 11.3 – Obligations of Crane Operator of the Subject Crane Operating Instructions previously produced as NBIS 1448. On, or about, October 5, 2016, LIEBHERR USA employee Bret Jacobson provided Steve Hoffmann of Schuch Heavylift Corp with the Subject Crane Operating Instructions.**

On October 24, 2016, Bobbi Revels of Sims confirmed receipt of the Subject Crane Operating Instructions in an email to Wally Jones of Atlantic Coast Cranes & Machinery, Inc. LIEBHERR USA identifies the document previously produced as NBIS 1038. Further, LIEBHERR USA identifies Steve Stodghill's deposition testimony on pages 91 and 92 confirming Sims possession of the Subject Crane Operating Instructions on October 24, 2016.

Dated: November 6, 2020

LIEBHERR-AMERICA, INC., a Virginia corporation d/b/a LIEBHERR USA CO., and formerly known as LIEBHERR CRANES, INC., Defendants,

By: /s/Thomas R. Pender
    One of Its Attorneys

Thomas R. Pender (admitted *pro hac vice*)
William J. Cremer (admitted *pro hac vice*)
CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC
One North Franklin Street - 10th Floor
Chicago, Illinois 60606
(312) 726-3800
(312) 726-3818 (Fax)
tpender@cremerspina.com
wcremer@cremerspina.com

-and-

Michael L Forte
RUMBERGER KIRK
100 North Tampa Street, Suite 2000
Tampa, FL 33602
(813) 223-4253
mforte@rumberger.com

**CERTIFICATE OF SERVICE**

THOMAS R. PENDER, ESQUIRE, Attorney for Defendant in the within action, hereby states that a true and correct copy of the foregoing Answers to Plaintiff's Third Set of Interrogatories was served upon the attorneys of record for the Plaintiff, via electronic mail at the addresses set forth below:

6

*Attorney for Plaintiff*
Joshua R. Goodman, Esq.
Matthew N. Horowitz, Esq.
Cozen O'Connor
200 South Biscayne Blvd, Suite 3000
Miami, FL 33131
Tel: (305) 704-5940
Fax: (305) 704-5955
jgoodman@cozen.com
mhorowitz@cozen.com

        LIEBHERR-AMERICA, INC., a Virginia corporation d/b/a LIEBHERR USA CO., and formerly known as LIEBHERR CRANES, INC., Defendants,

        By: /s/ Thomas R. Pender_____
           One of Its Attorneys


Thomas R. Pender
CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC
One North Franklin Street - 10th Floor
Chicago, Illinois 60606
(312) 726-3800
(312) 726-3818 (Fax)
tpender@cremerspina.com

Dated: November 6, 2020

#394491

4828-5982-7407, v. 1

## **CERTIFICATION**

      Dr. Torben Reher, Managing Director of LIEBHERR USA, CO., hereby attests that he has read the foregoing Answers and Objections to Plaintiff's Third Set of Interrogatories, and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel upon whose advice he has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that he consequently reserves the right to make any changes in the answers if it appears at any time that omission or error have been made therein or that more accurate information is available; that subject to the limitations set forth herein the said answers are true and correct to the best of his knowledge, information and belief.

                                                                                               Dr. Torben Reher
                                                                                               Managing Director
                                                                                               Liebherr USA, Co.

4828-5982-7407, v. 1